**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **KARA HOLLAND, CHRIS HOLLAND, WALTER HOLLAND, REBECCA MUSSER, INDIVIDUALLY AND ON BEHALF OF ALL WRONGFUL DEATH BENEFICIARIES** | § § § § § § | |
| **VS.** | § § | **Civil Action No. 3:14-cv-250 (Jury Requested)** |
| **OVERBYE TRANSPORT, INC.,** | § | |

**PLAINTIFFS KARA HOLLAND'S ET AL'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

1. COME NOW PLAINTIFFS KARA HOLLAND, CHRIS HOLLAND, WALTER HOLLAND AND REBECCA MUSSER, Individually and on behalf of all wrongful death beneficiaries, (collectively referred to herein as "the Hollands"), complaining of and seeking money damages from OVERBYE TRANSPORT, INC., Defendant, for personal injuries arising from the wrongful death of John Holland, Deceased on or about October 17, 2012 on the grounds that Defendant was negligent in how it owned, leased, controlled and operated the tractor trailer that caused the untimely death of John Holland, Deceased. For cause of action, Plaintiffs would show the following:

**I.**
**PARTIES**

2. Kara Holland is a natural person and citizen of the State of Texas; to wit: as of the date of this action this Plaintiff is domiciled in the State of Texas by virtue of having established a fixed habitation or abode intending to remain there permanently or indefinitely. She is the natural, biological daughter of John Holland, Deceased and authorized by law to bring this

action on behalf of herself and all wrongful death beneficiaries.

3. Chris Holland is a natural person and citizen of the State of Texas; to wit: as of the date of this action this Plaintiff is domiciled in the State of Texas by virtue of having established a fixed habitation or abode intending to remain there permanently or indefinitely. He is the natural, biological son of John Holland, Deceased and authorized by law to bring this action on behalf of himself and all wrongful death beneficiaries.

4. Walter Holland is a natural person and citizen of the State of Texas; to wit: as of the date of this action this Plaintiff is domiciled in the State of Texas by virtue of having established a fixed habitation or abode intending to remain there permanently or indefinitely. He is the natural, biological father of John Holland, Deceased and authorized by law to bring this action on behalf of himself and all wrongful death beneficiaries.

5. Rebecca Musser is a natural person and citizen of the State of Texas; to wit: as of the date of this action this Plaintiff is domiciled in the State of Texas by virtue of having established a fixed habitation or abode intending to remain there permanently or indefinitely. She is the natural, biological mother of John Holland, Deceased and authorized by law to bring this action on behalf of himself and all wrongful death beneficiaries.

6. Overbye Transport, Inc. ("Overbye Transport") is a corporation, partnership or other entity created under the laws of the State of Minnesota, with its principal place of business located in Lakeville, Minnesota and whose designated agent for service of process in the State of Texas is the Texas Secretary of State by operation of law. By creation Overbye Transport is a citizen of Minnesota and by principle place of business Overbye Transport is a citizen of Minnesota. Overbye Transport is not a citizen of any other States and is not a citizen of Texas. If Overbye Transport be a partnership, its general partner and all of its members were

created under the laws of other states other than Texas and they all have their principal place of business outside the State of Texas. Overbye Transport as a partnership is not a citizen of the State of Texas. Carden v. Arkoma Assocs, 494 U.S. 185, 195-96 (1990). Therefore, pursuant to 28 U.S.C. § 1332 (c)(1) complete diversity of citizenship exists between Plaintiffs and Defendants. Plaintiffs intend to perfect service of process via private process server pursuant to Texas law including but not limited to Tex. R. Civ. P. 103 and other applicable rules and that upon receipt that said qualified person serve Overbye Transport via its agent for service of process with summons and a true and correct copy of this complaint pursuant to Tex. R. Civ. P. 106 (a)(1) at the address provided or wherever said agent can be found as is authorized by the Federal Rules of Civil Procedure. By operation of law, Overbye Transport has designated the Texas Secretary of State as its agent for service of process. Accordingly, Overbye Transport may be served with process by serving the Secretary of State of the State of Texas at Statutory Documents, Citations Unit, P.O. Box 12079, Austin, Texas 78711-2079. The Texas Secretary of State may then forward the process documents on to Overbye Transport at Overbye Transport's Headquarters at 21881 Grenada Avenue, Lakeville, MN 55033. Such service of process is authorized pursuant to TEX. CIV. PRAC. & REM. CODE §§ 17.042, 17.044, 17.045 and 17.026 and other lawful means. Upon receipt of such process, the Secretary of State of the State of Texas is hereby requested to serve Overbye Transport pursuant to TEX. CIV. PRAC. & REM. CODE § 17.045 (a) (Vernon 1996) and other lawful means by immediately mailing by registered or certified mail, return receipt requested the summons and complaint to Overbye Transport at its home office, to wit: Overbye Transport's Headquarters, 21881 Grenada Avenue, Lakeville, MN 55033.

7. Contemporaneously with the filing of this Complaint, Plaintiffs present summon for Defendant and ask the clerk to place the official seal thereon and return same to the undersigned counsel so that all process documents can be properly forwarded to a person authorized to perfect service under Texas law and service diligently pursued until perfected.

## II. SUBJECT MATTER JURISDICTION

8. The Court is authorized to consider this action pursuant to the terms of 28 U.S.C. § 1332 (a)(1) (complete diversity of citizenship between all adverse parties) because the amount in controversy in this civil action exceeds $75,000 (excluding interest and costs) and is between citizens of different states. Plaintiffs are all citizens of Texas only. The Defendant is not a citizen of Texas. Defendant is only a citizen of Minnesota and no other states. Please see more specific facts pleaded as to the citizenship of each party appearing above. Those paragraphs are incorporated herein by reference. The court has before it all wrongful death beneficiaries. John Holland was not married when he died on or about October 17, 2012. So, there is no surviving spouse wrongful death beneficiary. John Holland only sired two natural biological children (Kara Holland and Chris Holland) during his lifetime, never adopted any children, nor was his parental relationship to Kara Holland and Chris Holland terminated or changed. John Holland's surviving parents are Walter Holland and Rebecca Holland. John Holland was never adopted and his parental relationship with his natural biological parents was never terminated. Therefore, there are only four wrongful death beneficiaries arising from the death of John Holland and all four of these beneficiaries are before the court. The court thus has complete federal and state subject matter jurisdiction to fully resolve this dispute.

## III.
## PERSONAL JURISDICTION

9. The court has personal jurisdiction over Plaintiffs by virtue of Plaintiffs filing this Complaint with the clerk of the court. The court has personal jurisdiction over Defendant pursuant to proper service of summons with a copy of this Complaint, the fact that Defendant does and did business in the State of Texas on a regular basis, has committed a tort in the State of Texas and has otherwise engaged in conduct whereby Defendant could reasonably be expected to be hailed into court in the State of Texas consistent with applicable constitutional standards.

## IV.
## VENUE

10. Venue is proper in the Southern District of Texas, Galveston Division pursuant to 28 U.S.C. § 1391 (a)(2) because the Galveston Division is the division in which a substantial part of the events or omissions giving rise to the claim occurred; to wit: the accident happened in the Galveston Division - close to I-45/FM 1764 Road, Texas City, Texas.

## V.
## FACTUAL BACKGROUND

11. At about 10:58 a.m., on or about October 17, 2012, John Holland was crossing I-45 as a pedestrian and was struck by the vehicle being operated by Defendant. ("the Accident"). As a direct and proximate result of the accident, John Holland was killed. Plaintiffs seek and demand recovery for all damages alleged and prayed for herein including but not limited to general damages allowed by law, both incurred in the past and which Plaintiffs will incur in the future based on reasonable probability, and special damages incurred or reasonably likely to be incurred in the future.

## VI.
## CAUSES OF ACTION

### A.
### NEGLIGENCE: WRONGFUL DEATH

12. The above paragraphs are incorporated herein by reference as if set forth herein verbatim.

13. On October 17, 2012, Defendant and its driver was the lawful owner/operator/driver/lessor/lessee of a tractor trail rig believed to be VIN#4D830596. Alternatively Defendant had obtained lawful permission from the owner/operator/lessor or lessee of the vehicle to operate and drive the vehicle it was driving and operating through its driver at the time of the accident such that Defendant and its driver were a permissive user of the tractor trailer rig.

14. Defendant and its driver owed a duty to John Holland to operate its vehicle in a safe and prudent manner and to exercise ordinary care in driving its vehicle. The accident was caused by Defendant and its driver negligently operating its vehicle.

15. Defendant and its driver failed to use that degree of care which an ordinary prudent person would have used under the same or similar circumstances in the following particulars:

A. Defendant failed to operate his vehicle in a safe manner.

B. Defendant failed to take proper evasive action.

C. Defendant failed to operate his vehicle at a safe speed.

D. Defendant failed to timely and properly apply his brakes.

E. Defendant failed to keep a proper lookout.

F. Defendant failed to honk his horn.

G. Defendant failed to yield the right of way.

H. Defendant failed to stop in a timely and prudent manner.

I. Defendant failed to properly maintain his vehicle.

J. Defendant was talking on a cell phone at the time of the accident.

16. The above acts, errors and omissions of Defendant constituted negligence and negligence per se. Such negligence proximately caused the above and foregoing damages to the Hollands for which the Hollands now sue.

17. At all relevant times, the driver of the tractor trailer rig was employed by Overbye Transport, Inc. and was acting within the course and scope of employment with such employer by virtue of common law principles or federal or state statutes regulating interstate commerce and intrastate commerce such that Overbye Transport, Inc. is vicariously liable to Plaintiffs for the actions of its driver as the owner/operator/lessor/lessee of the. At all relevant times herein, Overbye Transport, Inc. was the owner/operator/lessor or the lessee of the vehicle being driven its driver. At all relevant times herein, the vehicle was operating under the authority of interstate commerce rules and regulations, an I.C.C. lease was in force and effect and/or the I.C.C. permit number or identifying placard of Overbye Transport, Inc. was attached to the tractor or trailer or both which subjects Overbye Transport, Inc. to liability for the Accident and damages claimed herein, DOT# 807353. In the alternative, a trip lease was in force and effect entered into on behalf of Overbye Transport, Inc. which subjects Overbye Transport, Inc. to liability for the Accident and damages claimed herein. All conditions precedent to the bringing of this action under applicable I.C.C. statutes, rules and regulations have been performed or have occurred.

18. The negligence of Defendant's driver is imputed to Overbye Transport, Inc. under the Texas common law doctrine of respondeat superior or, alternatively, the statutory employee doctrine created by applicable federal or state statutes, rules or regulations governing

intrastate commerce and interstate commerce.

19. In addition to being liable to Plaintiffs under the doctrine of respondeat superior, Overbye Transport, Inc. is liable to Plaintiffs directly for failing to properly supervise the work that its driver was performing at the time of the Accident and for negligently entrusting the vehicle involved in the Accident to its driver. Overbye Transport, Inc. owed a duty to exercise ordinary care in supervising its driver and in entrusting the vehicle involved in the Accident to Michael Gram. Overbye Transport, Inc. breached these duties owed to Plaintiffs and such breach proximately caused the occurrence and damages sued for herein.

20. Overbye Transport, Inc. failed to use that degree of care which an employer/owner/operator/lessor/lessee of a vehicle would have used under the same or similar circumstances in the following particulars:

A. Overbye failed to properly maintain the vehicle.

B. Overbye failed to properly train and supervise its driver.

C. Overbye negligently entrusted its vehicle to its driver.

D. Overbye allowed its drivers to talk on cell phones while driver and its driver was doing so at the time of the accident.

21. Overbye Transport, Inc. is estopped from asserting the doctrines of frolic and detour, lack of authority, outside the scope of employment by virtue of applicable I.C.C. statutes, rules, regulations and interpretive case law.

22. As a direct and proximate result of the negligence alleged herein, John Holland died on October 17, 2012. Defendant are liable to all of the wrongful death beneficiaries pursuant to TEX. CIV. PRAC. & REM. CODE §§ 71.001 thru 71.011 (Vernon 1996) commonly referred to as the Texas Wrongful Death Act.

**VII.**
**DAMAGES AND PRAYER FOR RELIEF**

23. The above paragraphs are incorporated herein by reference as if fully set forth herein verbatim.

24. As a proximate and producing result of the foregoing unlawful actions of Defendant, the Hollands demand and pray that Defendant be cited to appear and answer herein and that after a lawful trial that the court award both special and general money damages to Plaintiffs and against Defendant in the following particulars:

***WRONGFUL DEATH DAMAGES: SURVIVING ADULT CHILDREN AND PARENTS***

A. Loss of companionship and society damages suffered in the past and in all reasonable probability Plaintiffs will suffer in the future; to wit: $2,500,000 for each Plaintiff or such other amount that a jury deems fair and just not to exceed this amount.

B. Mental anguish suffered in the past and in all reasonable probability will be suffered in the future; to wit: $2,500,000 for each Plaintiff or such other amount that a jury deems fair and just not to exceed this amount.

C. Costs of court.

D. Pre and post judgment interest as allowed by law.

E. Such other and further relief to which the wrongful death Plaintiffs may be justly entitled to received at law or in equity both special and general.

Respectfully submitted,

DOLLINGERLAW

/s/ e-signed by scot g. dollinger ❼
**SCOT G. DOLLINGER**
State Bar No. 05961300
700 Gemini, Suite 120
Houston, Texas 77058
281-488-4600
281-488-4643 FAX
scot@callthelaw.com
www.callthelaw.com
**ATTORNEYS FOR PLAINTIFFS**
**KARA HOLLAND, CHRIS HOLLAND, WALTER HOLLAND AND REBECCA MUSSER**